IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY FRYE, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 10-0021-KD-N |
| TREY OLIVER, | ) ) ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

This matter has been referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.2(c)(4). Instructions on this district's form for Petition for Writ of Habeas Corpus by a Person in State Custody—on which plaintiff filed the instant action (doc. 1)—include the following notice:

> (9) You must immediately advise the Court of any change in your address, e.g., if you are released transferred, moved, etc. Failure to notify the Court of your new address will result in the dismissal of this petition for failure to prosecute and to obey the Court's order.

This action was filed on January 12, 2010. Defendant filed an Answer (doc. 6) stating that all claims were procedurally defaulted. On February 22, 2011, the court entered an order (doc. 7) requiring plaintiff to show cause why the action should not be dismissed on that basis, and setting a deadline of March 21, 2011, for such a Response. On March 1, 2011, the copy of that order which had been mailed to plaintiff at the last-known address which had been provided for him was returned by the United States Postal Service with the notation that it was "undeliverable." Doc. 8.

On or about March 3, 2011, the court contacted the Mobile Metro Jail, where plaintiff was housed, and was informed that he had been released into the free world. In the month since

his mail was returned, plaintiff has made no effort to contact the court or to comply with the court's direction to timely notify the court of a change in address.

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute. *See, e.g.,* Hudson v. Cardwell Corp., Slip Copy, 2006 WL 2135791, *2 (S.D.Ala. July 27, 2006) (Steele, J.). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. *See, e.g.*, Brown v. Tallahassee Police Department, Slip Copy, 2006 WL 3307444, *1 (11th Cir. Nov.15, 2006). Rule 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. *See, e.g*., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir.1982). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.; *see also e.g.,* Link v. Wabash R.R. Co., 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962). Dismissal with prejudice is thus appropriate where the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct. *See, e.g.*, Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir.1999); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985).

The undersigned hereby RECOMMENDS that this action be dismissed without prejudice on the basis that plaintiff has failed to prosecute this action and has violated the order of this court that he timely notify the court of any change of address. It does not appear that any lesser sanction would be adequate.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 1st day of April, 2011.

        /s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).